EDWIN E. HADDAD *vs.* COMMISSIONER OF REVENUE. No. 87-182. December 9, 1987. *Taxation,* Sales and use tax. *Motor vehicle,* Sale.

The taxpayer, Haddad, appeals to this court from a decision of the Appellate Tax Board dismissing his appeal from a ruling of the Department of Revenue which denied his application for an abatement of sales tax.

On July 11, 1985, the taxpayer bought a new Chevrolet Corvette from a dealer in West Brookfield. The price was $23,113, and the taxpayer paid the Registrar of Motor Vehicles a sales tax of $1,155.65. The car malfunctioned during the months of August and September. After three attempts, the dealer on November 10 informed the taxpayer that the car could not be repaired. Next day the taxpayer lodged a complaint with General Motors, the manufacturer. Under the "lemon law," G. L. c. 90, § 7N½, as then in force, taxpayer and manufacturer went to arbitration. After an arbitration award on April 15, 1986, in favor of the taxpayer, the manufacturer reclaimed the car, with a refund to the taxpayer of the original price of $23,113, less $1,600 as an allowance for use. On June 11 the Corvette was returned to the manufacturer. On June 28 the taxpayer purchased a Porsche from another seller and upon that transaction paid a sales tax of $1,381.30. Feeling that he had now been double-taxed, the taxpayer on July 8 filed his application for an abatement of the tax paid on the Corvette, and the negative decisions of the Department and Board then followed.

We should note, first, to avoid confusion, that the Porsche was not a "replacement" in the sense of the lemon law, where it means the substitution by the manufacturer of a good car for the bad one. What the taxpayer has claimed must be viewed as an abatement of the sales tax in a case of rescission of the sale of the Corvette and a refund to the taxpayer of part of the purchase price.

In such a case the relevant tax statute, G. L. c. 64H, § 1(14)(c)(ii), in effect at the time, permitted abatement of the tax only where the entire purchase price was refunded and the property was returned within ninety days of the date of the sale.[1] Thus on both counts the taxpayers did not qualify for abatement, and the Department and Board were right.

The Commissioner of Revenue, in his brief to the Board, suggested that the taxpayer might have a remedy under G. L. c. 93A, the consumer protection statute, against the manufacturer to recover the amount of the sales tax. The suggestion appears to be based on provisions of the lemon law: § 7N½(3), which states that a manufacturer, in making refund, shall reimburse the consumer for sales tax, and § 7N½(7), which provides (with some elaboration) that failure to comply with any provision of the law shall constitute an unfair act under c. 93A. As the taxpayer did not follow that course, we do not comment upon it.

*Decision of the Appellate*
*Tax Board affirmed.*

*Edwin E. Haddad,* pro se.
*Alice E. Moore,* Assistant Attorney General, for the Commissioner of Revenue.

---

[1] The matter was expressed in § 1(14)(c)(ii), as inserted by St. 1967, c. 757, § 1, in terms of a determination of "sales price" as follows: "In determining the 'sales price' there shall be excluded . . . the amount charged for property returned by purchasers to vendors upon rescission of contracts of sale when the entire amounts charged therefor are refunded either in cash or credit, and when the property is returned within ninety days from the date of sale." (This clause has been amended by St. 1986, c. 488, § 61. Among other changes, the time for the return of motor vehicles has been extended to 180 days.)

